# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

   v.                                                     **Case No. 14-CR-82**

**ALICIA BROWN**
    **Defendant.**

## DECISION AND ORDER

The government obtained a five count indictment charging defendant Alicia Brown and others with violations of the Animal Welfare Act arising out of their alleged participation in dog fighting. Specifically, the indictment charged defendant and Terry Robinson in count one with conspiring to knowingly sponsor, exhibit, and handle animals in an animal fighting venture, contrary to 7 U.S.C. § 2156(a)(1); to knowingly sell, buy, possess, train, transport, deliver, and receive any animal for purposes of having the animal participate in an animal fighting venture, contrary to 7 U.S.C. § 2156(b); and to knowingly use the mail and any instrumentality of interstate commerce for purposes of advertising an animal for use in an animal fighting venture, contrary to 7 U.S.C. § 2156(c). Count five charges that defendant and Robinson knowingly possessed, trained, and received an animal for participation in an animal fighting venture, namely an American Pit Bull identified as "Blackafella," contrary to 7 U.S.C. § 2156(b).

Defendant filed motions to suppress, to dismiss based on the vagueness of the term "animal fighting venture" in § 2156, to dismiss the indictment because the facts alleged by the government failed to state a violation of law, and for a bill of particulars. The magistrate judge handling pre-trial proceedings in the case denied the motion for a bill of particulars and

recommended denial of the motions to dismiss and suppress. Defendant objects to the recommended denial of her motions to dismiss and to the denial of her motion for a bill of particulars.

The district court may set aside a magistrate judge's order on a non-dispositive matter if it is contrary to law or clearly erroneous, Fed. R. Crim. P. 59(a), but reviews objections on dispositive motions de novo, Fed. R. Crim. P. 59(b). Because she has not objected to the magistrate judge's recommendation on the motion to suppress, defendant has forfeited her right to review of that issue. Fed. R. Crim. P. 59(b)(2). I will adopt the magistrate judge's recommendation and deny the motion to suppress. I address the objections below.

## I. MOTION TO DISMISS – VAGUENESS

A statute is unconstitutionally vague if it (1) does not provide a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) fails to provide explicit standards to prevent arbitrary and discriminatory enforcement by those enforcing the statute. United States v. Stephenson, 557 F.3d 449, 455-56 (7th Cir. 2009). Where, as here, the vagueness challenge does not implicate the First Amendment, the court examines the challenge on an "as-applied" basis – that is, whether the statute is unconstitutionally vague in light of the facts of the case at hand. Id. at 456.

The magistrate judge rejected defendant's attempts to show vagueness through hypothetical cases; instead, relying on the government's factual proffer, he found that defendant could not show that § 2156 was unconstitutionally vague as applied to her alleged conduct. In her objections, defendant argues that the magistrate judge erred by considering facts outside the four corners of the indictment. She cites no controlling authority in support of that contention, but there are cases endorsing it. See, e.g., United States v. Welch, 327

F.3d 1081, 1097 (10th Cir. 2003); United States v. Berdeal, No. 07-20898, 2009 U.S. Dist. LEXIS 35221, at *5 (S.D. Fla. Jan. 22, 2009); see also United States v. Black, 469 F. Supp. 2d 513, 531 (N.D. Ill. 2006).[1]  Assuming, arguendo, that defendant is correct, her challenge nevertheless fails.

Section 2156 states that "the term 'animal fighting venture' means any event, in or affecting interstate or foreign commerce, that involves a fight conducted or to be conducted between at least 2 animals for purposes of sport, wagering, or entertainment." 7 U.S.C. § 2156(g)(1). Defendant argues that, as applied to her, the statute does not put her on notice about what behavior is prohibited. She notes that the indictment primarily talks about the alleged conduct of Robinson, with whom she lived, failing to explain how or when she allegedly joined the conspiracy. She notes that the indictment alleges only that she (and Robinson) possessed at their residence materials to train and treat injuries for Pit Bulls who participated in dog fighting competitions, including chewed break sticks and veterinary bandages; that they possessed at their residence materials to fight Pit Bulls, including a plywood dog fighting pit; and that they possessed "Blackafella," a Pit Bull with injuries consistent with participation in dog fighting, including scars and scabbing at various stages of healing. Defendant contends that "possession of chewed break sticks, veterinary bandages, plywood, and a pit bull with injuries

---

[1] Appellate cases considering vagueness challenges often follow a trial, see, e.g., United States v. Khan, 771 F.3d 367, 375 (7th Cir. 2014), or conditional guilty plea, see, e.g., United States v. Antzoulatos, 962 F.2d 720, 721, 726-27 (7th Cir. 1992), allowing development of the factual record. Pre-trial motions to dismiss are typically evaluated based on the face of the indictment. See, e.g., United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989). United States v. Jones, 689 F.3d 696, 702 (7th Cir. 2012), cited by the government in its response, repeats the general rule that vagueness challenges are evaluated in light of the particular facts of the case, but it involved a challenge to a penalty provision (the ACCA's residual clause) rather than a substantive one.

3

is not illegal. And nothing about applying those facts to the language of § 2156 informs Brown of what conduct it proscribes." (R. 50 at 3.)

Read as a whole, the indictment alleges facts sufficient to permit a person of ordinary intelligence a reasonable opportunity to know what is prohibited. First, the indictment, in a six-paragraph "manner and means" section, makes clear that the "animal fighting venture" involved in this case is dog fighting. Specifically, the conspirators established a kennel to represent the animal fighting venture in dog fighting competitions; they trained and bred Pit Bulls for participation in dog fighting competitions, where spectators and participants wagered on the outcome; they transported Pit Bulls across state lines to participate in dog fighting competitions; they sponsored and exhibited Pit Bulls in dog fighting competitions for cash prizes; they developed a pool of Pit Bulls by testing their fighting prowess and providing treatment to maximize their fighting ability; and they used instrumentalities of interstate commerce to publish information about Pit Bulls and to schedule a dog fight. This is core conduct covered by the Animal Welfare Act, see, e.g., United States v. Kizeart, No. 10-CR-30053, 2010 U.S. Dist. LEXIS 97487, at *34-35 (S.D. Ill. Sept. 17, 2010); United States v. Thompson, 118 F. Supp. 2d 723, 725 (W.D. Tex. 1998), nothing like the aggressive play between pets at a family picnic or YouTube videos of goats butting heads which defendant referenced before the magistrate judge.

Second, while the indictment says more about Robinson than defendant, it does state that on a specific date defendant possessed materials to train and fight dogs, as well as a Pit Bull with injuries consistent with fighting. Defendant notes that possessing these items is not necessarily illegal, but the indictment also alleges that she acted "knowingly" and that she possessed the Pit Bull for participation in animal fighting. See, e.g., Posters 'N' Things v.

United States, 511 U.S. 513, 526 (1994) (noting that such a scienter requirement assists in avoiding vagueness problems). In order to be guilty of conspiracy, the defendant must knowingly become a member of the conspiracy with an intent to advance the conspiracy. Pattern Criminal Jury Instructions of the Seventh Circuit § 5.08(A). In this case, the object of the conspiracy was to violate § 2156, which proscribes the knowing sponsorship or exhibition of an animal in an animal fighting venture, the knowing possession of an animal for purposes of having the animal participate in an animal fighting venture, and the knowing use of the post or an instrumentality of interstate commerce for promoting or furthering an animal fighting venture. A person of ordinarily intelligence would understand that she could not knowingly engage in the conduct alleged in this case.[2]

## II. MOTION TO DISMISS THE INDICTMENT

In order for an indictment to be sufficient, it must identify the elements of the crime, fairly inform the defendant of the charge so that she may prepare a defense, and enable the defendant to evaluate any double jeopardy problems. United States v. Phillips, 645 F.3d 859, 861 (7th Cir. 2011). Nothing more is required. Id. An indictment need not "exhaustively recount the facts surrounding the crime's commission," United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide the details of how it will be proved, id. at 1191. Simply tracking the language of the charging statute will generally suffice. Id. at 1189.

---

[2]To the extent that it may be proper to consider additional facts in addressing a pre-trial vagueness challenge, for the reasons stated by the magistrate judge, the government's proffered facts suffice. In her objections, defendant contends that if the court considers additional facts she should be given an opportunity to challenge those facts at an evidentiary hearing. The government's proof is properly tested at trial, not a pre-trial evidentiary hearing. See Fed. R. Crim. P. 12(b)(3). As the magistrate judge noted, at bottom, defendant's motions to dismiss attack the government's ability to prove that she, rather than Robinson, violated § 2156. That is a matter for trial.

Further, at the pre-trial stage, the indictment is tested solely by its sufficiency to charge an offense, United States v. Sampson, 371 U.S. 75, 78-79 (1962), regardless of the strength or weakness of the government's case, or the sufficiency of the government's evidence, United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009). "A motion to dismiss is not intended to be a summary trial of the evidence." Yasak, 884 F.2d at 1001 (internal quote marks omitted); see also United States v. Di Fonzo, 603 F.2d 1260, 1263 (7th Cir. 1979) ("The defendant is not permitted to transcend the four-corners of the indictment in order to demonstrate its insufficiency."); Fed. R. Crim. P. 12(b)(3) (listing motions that "can be determined without a trial on the merits").[3]

In United States v. Risk, 843 F.2d 1059 (7th Cir. 1988), the Seventh Circuit recognized a narrow exception to the general rule that the district court may not dismiss based on facts outside the indictment. In Risk, the defendant presented additional facts, which the government agreed were accurate. The district court concluded that the undisputed facts showed no violation of law and accordingly dismissed the indictment. On appeal, the government argued that the district court exceeded its authority under Rule 12 by considering the additional facts, but the Seventh Circuit found the objection too late. "Under the unusual circumstances of this case, we find that the district court acted properly." Id. at 1061.

The magistrate judge found Risk inapplicable here because the government objected to the court considering the additional facts defendant presented with her motion. In her objections, defendant notes that in its response to her motions the government offered facts

---

[3]Rule 12 was revised effective December 1, 2014. At the time defendant filed the instant motion, Rule 12(b)(2) referred to defenses that could be determined "without a trial of the general issue."

in support of its position that she violated the law.[4] She accordingly suggests that the court perform the analysis authorized by Risk. Just because both sides offered facts outside the indictment does not mean that I may decide prior to trial whether the government can prove its case. "[T]here is no summary judgment analog in criminal cases." United States v. Lupton, No. 07-CR-219, 2007 U.S. Dist. LEXIS 90549, at *11 (E.D. Wis. Dec. 10, 2007).

Defendant argues that there is no evidence that she did anything other than live with Robinson in a home with an injured Pit Bull, possibly knowing that Robinson was involved in dog fighting. As discussed above, the indictment alleges defendant's knowing possession of dog fighting materials and a Pit Bull for participation in an animal fighting venture. Whether the government can prove those allegations is a matter for trial, not a motion to dismiss. See United States v. Castor, 558 F.2d 379, 384 (7th Cir. 1977) (explaining that the question on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find guilt, but rather whether the government conceivably could produce such evidence at trial).

### III. MOTION FOR BILL OF PARTICULARS

Under Fed. R. Crim. P. 7(f), the district court may direct the government to file a bill of particulars. The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite. United States v. Roman, 728 F.2d 846, 856 (7th Cir. 1984). To determine whether a bill is necessary, the court considers whether the indictment sufficiently apprises the defendant of the charges

---

[4] The government presented additional facts in response to the vagueness challenge. (R. 43 at 10-11.)

to enable her to prepare for trial. United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991). The defendant is entitled to know only the offense with which she is charged, not all of the details on how it will be proved. See United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981). Further, a bill of particulars is not required if the defendant can obtain the necessary information through other means, such as discovery provided through an open file policy. Canino, 949 F.2d at 949.

The magistrate judge denied defendant's motion for a bill of particulars, finding that the indictment sufficiently advised her of the offenses. The magistrate judge further noted that the government was following its open file policy, producing voluminous discovery.

In her objections, defendant contends that the government accuses her of participating in a conspiracy but "offers no evidence on [her] alleged role in the conspiracy, when she joined it, and how she furthered it." (R. 50 at 5.) However, a defendant has no right to discover through a bill of particulars the evidentiary details of the government's case. United States v. Glecier, 923 F.2d 496, 502 (7th Cir. 1991). The indictment includes sixteen paragraphs setting forth acts in furtherance of the conspiracy. Most of those paragraphs pertain to Robinson, but the indictment does allege that on March 7, 2013, defendant engaged in certain specific conduct in furtherance of the conspiracy. There is no requirement that a conspirator participate in every overt act or join at the beginning. See Pattern Criminal Jury Instructions of the Seventh Circuit § 5.10. Finally, in her objections defendant fails to address the magistrate judge's reference to the voluminous discovery provided by the government pursuant to its open file policy. In sum, defendant fails to show that the magistrate judge clearly erred in denying a bill of particulars.

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's objections are overruled, the magistrate judge's recommendation (R. 47) is adopted, and defendant's motions to suppress (R. 39), dismiss due to vagueness (R. 40), and dismiss the indictment (R. 41) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge